UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cr-00243-SEP |
| ) | |
| DWAYNE CALDWELL, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

Before the Court are Defendant's Motion to Compel Disclosure, Doc. [169-1], and Motion to Suppress Wiretap Evidence, Doc. [170]. The Government opposes both motions. Docs. [179], [180]. Pursuant to 28 U.S.C. § 636(b) and Local Rule 2.08, pretrial matters were referred to United States Magistrate Judge Shirley P. Mensah. Docs. [1], [4]. After an evidentiary hearing and briefing, Judge Mensah denied the motion to compel and recommended the motion to suppress be denied. Doc. [240]. Defendant filed objections to Judge Mensah's ruling on the motion to compel and the recommendation on the motion to suppress. Doc. [256-1]. For the reasons set forth below, the Order denying the motion to compel will be affirmed, and the motion to suppress will be denied.

## MOTION TO COMPEL DISCLOSURE

### I. Background

Defendant filed a Motion to Compel seeking disclosure of information he believes is relevant to a potential defense of entrapment. Doc. [169-1]. Specifically, Defendant seeks information on whether John Doe[1] was cooperating with law enforcement at the time Defendant was arrested and whether Doe was acting as their agent and/or provided them any information that led to Defendant's arrest. Docs. [169-1], [256-1]. Judge Mensah rejected Defendant's argument on three grounds: (1) the Government "has repeatedly told defense counsel that a confidential source was not used" in the transaction at issue, Doc. [240] at 5; (2) Defendant "has

---

[1] Although Defendant has provided the name of this individual, the Motion to Compel and some, but not all, of the related documents are filed under seal. Out of an abundance of caution, the Court will refer to the individual identified in the Motion to Compel as "John Doe."

failed to provide any legal authority or factual support for his argument that the requested information is relevant to a potential entrapment defense," *id.*; and (3) the Government claims to have fulfilled its *Brady* obligations, and Defendant has not specified what is outstanding, *id.* at 7-8.

Defendant objects to all three of those grounds, arguing that: (1) the Government has not made a clear statement that John Doe was not cooperating with authorities prior to, or at the time of, the transaction on October 27, 2021, that preceded his arrest, Doc. [256-1] at 2-3; (2) Judge Mensah erred in accepting the Government's argument that a prior conviction for a controlled substance offense prevents a defendant from presenting an entrapment defense "as a matter of law," Doc. [256-1] at 5; and (3) the Government has not met its disclosure obligations as required by *Brady*.  Defendant concedes that "the bulk of cases in the Court of Appeals dealing with *Brady* issues do so in the post-conviction or habeas context, [but argues] that does not strip this Court of its obligation to oversee the case and submit orders that assure that justice is done and the parties are complying with their Constitutional obligations."  Doc. [256-1] at 6.

## II.     Legal Standard and Discussion

Section 636(1)(A) of Title 28 of the United States Code provides for review by a district judge of a magistrate judge's order on non-dispositive motions to which objections have been filed.  Specifically, it provides that a district judge may modify or set aside any parts of the magistrate judge's order that are "clearly erroneous or contrary to law."  28 U.S.C. § 636(1)(A); *see also Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law.").

After a full review of the record, the undersigned finds that Judge Mensah's ruling on Defendant's Motion to Compel Disclosure is well supported by both fact and law.  Although the Government has not phrased its response precisely as Defendant would prefer, the undersigned agrees with Judge Mensah that the Government's response is sufficient.  *See* Doc. [207] at 1 (the Government "has told defense counsel that a confidential source was not used when co-defendant David Greenwade sold cocaine to the defendant on October 27, 2021");[2] Doc. [240] at

---

[2] Defendant concedes that this is the closest the Government comes to making an unequivocal statement on the issue.  Doc. [256-1] at 3.  Further, Defendant states:  "To the extent this Court may interpret these statements, particularly the statement that "a confidential source was not used" as being an unequivocal

5.  Because that finding is dispositive of the motion, the Court does not reach Judge Mensah's other holdings or Defendant's objections thereto.

**MOTION TO SUPPRESS WIRETAP EVIDENCE**

## I.     Background

Defendant seeks suppression of all wiretapped communications intercepted from target telephone #3 (used by co-defendant David Greenwade) arguing that: (1) the affidavit filed in support of the wiretap application was not supported by probable cause; (2) the affidavit failed to demonstrate necessity; (3) the minimization requirements were not met; and (4) service of an inventory was not achieved as required by the statute.  Doc. [170].  In his post-hearing briefing, Defendant argues that under the wiretap order, the interception of voice calls was not authorized. Doc. [199] at 3 (emphasis added).  Specifically, he cites the following language:

> All monitoring of electronic communications will be conducted in accordance with Chapter 119 of Title 18, United States Code. Each electronic communication (i.e. text message) will be reviewed over a secure system, and based on the identities of the sender and recipient and the content of the message, monitoring personnel will determine as soon as practicable after interception whether the text message appears to be relevant to the investigation or otherwise criminal in nature. If the message is not criminal in nature, the message will be marked "minimized" and not accessed by other members of the investigative team. If the message appears to be privileged, it will be marked "privileged" and secured from access by other members of the investigative team. If a text message appears to be relevant to the investigation or otherwise criminal in nature: it will be marked "non-minimized" and may be shared with the other agents and monitors involved in the investigation. If a text message is marked "minimized" or "privileged," it will not be disseminated to members of the investigative team. All intercepted text messages will be sealed with the court upon the expiration of the court's Order authorizing the interception. It is anticipated that the monitoring location will not be staffed at all times, but will be staffed at regular hours, at which time intercepted communications will be monitored and read (including those intercepted at hours when the location was not staffed). However, even when unmanned, the monitoring location will be kept secured with access limited to only authorized monitoring personnel and their supervising agents.
>
> DEA will utilize a filter program in its electronic communications collection system that will automatically identify and block voice calls (which are wire communications) from being intercepted by filtering them out of the electronic communications packet data

---

statement that [John Doe] was not working on behalf of law enforcement at the time of the transaction on October 27, 2021, [Defendant] concedes that the motion is moot as the question at issue has been answered and the discovery obligation has been fulfilled." *Id.* at 3-4; *see also id.* at 5-6 ("Again, to the extent the Government's prior statements may be interpreted as an unequivocal statement that [John Doe] was not operating as a Government agent in October of 2021, as previously stated Mr. Caldwell concedes that the obligation in this regard has been met . . . .").

3

stream before they are recorded. If a voice call is not filtered out of the packet data stream and is recorded, the call will not be monitored or otherwise accessed through the electronic communications presentation system, and DEA will preserve and seal such communications in the same manner as other intercepted electronic communications.

Doc. [199] at 2.

Judge Mensah found that the application for wiretap and electronic surveillance was supported by probable cause and complied with the statutory procedures for authorization of electronic surveillance found in 18 USC § 2518, which governs the "Procedure for interception of wire, oral, or electronic communications." Doc. [240] at 13-20. On that basis, Judge Mensah recommended denial of the motion. *Id.* at 20-21.

Defendant filed objections to the Report and Recommendation in which he contends Judge Mensah failed to address his argument that the wiretap did not authorize the interception of voice communications. Doc. [256-1] at 7-10. He argues evidence of the voice calls should be suppressed. *Id*.

## II.   **Legal Standard and Discussion**

This Court's review of Judge Mensah's recommendation to deny the motion to suppress is governed by 28 U.S.C. § 636 and Federal Rule of Criminal Procedure 59. The district court considers de novo any timely specific written objections to the magistrate judge's recommendations as to a dispositive matter. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). The district court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Defendant objects to the Report and Recommendation on the grounds that it failed to address his argument that the wiretap did not authorize the interception of voice calls. Doc. [256-1] at 7-10. Although that issue was not raised in the motion to suppress, it was the focus of Defendant's post-hearing briefing. Doc. [199] at 1-3. The Government did not address the issue in its response, Doc. [208],[3] and it was not addressed in the Report and Recommendation, Doc. [240]. Defendant raised the issue again in his objections to the Report and Recommendation, Doc. [256-1], and the Government again neglected to address the issue in its response, Doc. [261].

---

[3] To the contrary, in its post-hearing brief, the Government contends "the defendant still has not identified a single call that should be suppressed." Doc. [208] at 4.

4

The Court has conducted a de novo review of the entire record including the motion, the parties' briefing, and the transcript of the evidentiary hearing.  *See* Docs. [170], [179], [199], [208], [248], [256], [261].  After careful deliberation, the Court adopts, sustains, and incorporates herein Judge Mensah's well-reasoned Report and Recommendation and denies the Motion to Suppress Wiretap Evidence, Doc. [170].

The Court's Order authorizing the interception of wire and electronic communications does not prohibit voice calls from being collected, as Defendant contends in his objection to the Report and Recommendation.  *See* Doc. [256-1] at 7-10.  Rather, it provides that voice calls, which are *wire* communications, will not be accessed by DEA through its *electronic* communications collection system.  *See* Gov. Exh. 3 at 7-8.  That text restates a portion of the Government's Application for interception of wire and electronic communications, which explains:  "Those voice calls in the packet data stream are duplicates of wire communications that may be intercepted through DEA's wire communications collection system and minimized in real-time.  The packet data, including the copies of voice calls, cannot be minimized in real-time.  Therefore, DEA will utilize a filter program . . . ."  Gov. Exh. 1 at 8-9; *see also* Gov. Exh. 2 (Affidavit in Support of Application) at 48-49 (stating the same).  Defendant's objection is overruled.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's objections, Doc. [256-1], to the Order of United States Magistrate Judge Shirley P. Mensah denying his Motion to Compel Disclosure, Doc. [240], are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Order of United States Magistrate Judge Shirley P. Mensah denying Defendant's Motion to Compel Disclosure, Doc. [240], is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Defendant's Objections to the Report and Recommendation of United States Magistrate Judge Shirley P. Mensah, Doc. [256-1], are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge Shirley P. Mensah, Doc. [240], is **SUSTAINED**, **ADOPTED**, and **INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Wiretap Evidence, (Doc. [170]), is **DENIED**.

**IT IS FINALLY ORDERED** that this case remains set for trial on **January 28, 2025, at 9 a.m.** in the courtroom of the undersigned.

Dated this 6th day of January, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

6