UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:23CR243 SEP(SPM) |
| | ) |
| DWAYNE CALDWELL (5), | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>OF UNITED STATES MAGISTRATE JUDGE</u>**

All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). This matter is before the Court on Defendant Dwayne Caldwell's Motion to Compel Disclosure of (i) reports, raw data, or other information "regarding call 1069 from target telephone number 3;" (ii) raw data for calls labeled "other" in target telephone number 3; and (iii) reports or other documents documenting the incidents described in disclosures about potential government witnesses previously provided to the defendant by the United States pursuant to its obligations under *Brady* and *Giglio*. ECF No. 315. The United States opposed the motion arguing that it has already made the disclosures related to the first two categories of requested documents, which relate to a Title III wiretap that was authorized during the investigation. ECF No. 316. With respect to the third category of requested items, which relates to disciplinary records for three law enforcement government witnesses employed by the St. Louis Metropolitan Police Department ("SLMPD), the United States contends the requested information is not in its possession, custody, or control, and it satisfied any disclosure obligations it had by producing a summary of the requested information to the defendant. *Id.*

1

In his Reply, Caldwell conceded that the United States has satisfied its obligations with respect to the first two categories of requested documents related to the Title III wiretap. *See* ECF No. 343, at p. 1-2. As such, the motion to compel will be denied as moot with respect to the first two categories of documents requested by Caldwell. Caldwell argues the United States is obligated to disclose the third category of requested items related to government witnesses because the requested documents contain information that could potentially be used to impeach government witnesses who were integral to the investigation and because the United States can easily access the requested documents even though it does not physically possess them. After carefully considering the parties' written submissions and applicable law, for the reasons discussed below, the undersigned will grant Caldwell's motion with respect to the third category of documents regarding SLMPD disciplinary records.

## I. BACKGROUND AND PROCEDURAL HISTORY

On May 10, 2023, a federal grand jury returned an indictment charging Caldwell and four co-defendants with one count of conspiracy to distribute and possess with the intent to distribute controlled substances in violation of 21 U.S.C. § 846.[1] Caldwell was arraigned on May 16, 2023, and made an oral motion for time to file pretrial motions. On May 25, 2023, the undersigned entered an order designating the case as complex and granting the United States' motion to continue the trial date beyond limits set by the Speedy Trial Act. ECF No. 46. On August 9, 2023, after receiving multiple status updates from the parties the undersigned entered an order setting the deadline for filing criminal pretrial motions on October 10, 2023. ECF No. 85. Thereafter, Caldwell requested multiple extensions of the pretrial motion deadline. ECF Nos. 105, 120, 131, 149. Finding the ends of justice required the requested extensions, the undersigned granted (or partially granted) the requested extensions of the pretrial motion deadline.

---

[1] Co-defendants David Greenwade, Jose Vasquez, Michael Terry, and Phillip Smith were charged along with Caldwell with conspiracy to distribute and possess with the intent to distribute controlled substances. ECF No. 2, Count 1.

On May 6, 2024, within the time limits prescribed by the Court's Order Concerning Pretrial Motions, Caldwell filed a Motion to Compel Disclosure and a Motion to Suppress Wiretap Evidence. ECF Nos. 169-1 and 170. On May 20, 2024, the United States filed its response opposing Caldwell's suppression motion. ECF No. 179. The United States also filed a motion to strike Caldwell's Motion to Compel arguing here was no basis in fact or law for the motion. ECF No. 180. Caldwell filed a brief opposing the motion to strike. ECF No. 188-1.

On June 24, 2024, the parties appeared for a hearing on Caldwell's pretrial motions and made arguments and presented evidence on the record. At the request of the parties, the Court set a schedule for post-hearing briefs. After briefing was completed, the undersigned issued a Memorandum Opinion and Order and Report and Recommendation on October 24, 2024. ECF No. 240. On January 6, 2025, the Honorable Sarah E. Pitlyk entered a Memorandum and Order adopting the Report and Recommendation. ECF No. 266.

Judge Pitlyk set the matter for trial on March 3, 2025. However, on February 26, 2025, a federal grand jury returned a Superseding Indictment charging Caldwell, as the sole defendant, with one count of conspiracy to distribute and possess with the intent to distribute controlled substances in violation of 21 U.S.C. § 846 and one count of possession with intent to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §841(a)(1). ECF No. 302. As a result of the superseding indictment, all pretrial matters were re-referred to the undersigned.

Following Caldwell's arraignment on the superseding indictment, the undersigned entered an Order Concerning Pretrial Motions on March 6, 2025. ECF No. 307. The March 6th Order reflects that, at the time of the arraignment, the prosecutor stated the United States had nothing to disclose to Caldwell that had not previously been disclosed and there were no new evidentiary matters arising from the superseding indictment. The March 6th Order also reflects that Caldwell's attorney adopted and reasserted

3

the pretrial motions previously asserted on behalf of Caldwell before the superseding indictment but requested time to file additional pretrial motions. ECF No. 307. The United States adopted and reasserted its previously filed responses in opposition to Caldwell's prior pretrial motions and the undersigned adopted and restated the Memorandum Opinion and Order, Report and Recommendation entered on October 24, 2024. *See id*.

The undersigned granted Caldwell time to file additional pretrial motions. On March 17, 2025, Caldwell filed the instant Motion to Compel. On May 20, 2025, the undersigned set the matter for a hearing after finding that a hearing would aid the court in resolving the motion. ECF No. 323. However, at the request of Caldwell's attorney, the hearing was rescheduled for June 2, 2025. On June 2, 2025, the parties appeared and presented arguments in support of their respective positions. Following the hearing, on June 2, 2025, the undersigned entered an order granting a request by defense counsel for time to submit a Reply brief and setting deadlines for additional briefing. ECF No. 336. Caldwell filed a Reply on June 24, 2025. Although the United States was granted time to file a Sur-Reply, no further response was filed on behalf of the United States.

### A.   *SLMPD Information sought by Caldwell*

Shortly before the March 3rd trial setting, in a letter dated February 24, 2025, the United States disclosed to Caldwell's counsel that it intended to call as witnesses two DEA Task Force Officers who were employed by the St. Louis Metropolitan Police Department ("SLMPD") and a third SLMPD officer. ECF No. 343-2. For each officer, the disclosure summarized disciplinary action the SLMPD took against the officer, when the conduct occurred, and the ultimate disposition of any disciplinary action. *Id.* In making the disclosure, the United States asserted its position that, with respect to each officer, the disciplinary actions were inadmissible impeachment evidence because the actions taken were remote in

time and unrelated to the instant case.[2] Caldwell subsequently filed the instant motion to compel disclosure of "any reports or other documents documenting the incidents" summarized in the disclosure from the United States. ECF No. 315. The United States has not denied that the requested documents exist or argued that there is any significant barrier preventing it from obtaining the documents from SLMPD.

II.     STANDARD

District courts have broad discretion to resolve motions to compel discovery in criminal cases. *United States v. Hintzman,* 806 F.2d 840, 846 (8th Cir. 1986). A district court's decision regarding a motion to compel discovery is proper if, considering the circumstances, the decision is not "a gross abuse of discretion resulting in fundamental unfairness at trial." *Id.* (internal quotation marks omitted) (quoting *Voegeli v. Lewis*, 568 F.2d 89, 96 (8th Cir. 1977)).

III.    DISCUSSION

Caldwell contends he is entitled to an order compelling the United States to obtain the requested information from the SLMPD and disclose it to him pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E) and pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963) and *Giglio v. United States,* 405 U.S. 150 (1972).

A.     *Discovery in Criminal Matters*

"Criminal defendants do not have a general constitutional right to discovery." *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000); *see also, e.g., United States v. Tavlin*, No. 22-cr-134 (DWF/JFD), 2023 WL 3477610, at *3 (D. Minn. May 16, 2023). "In most circumstances, then, a defendant

---

[2] On the same date of its disclosure to Caldwell, the United States filed a *motion in limine* in which it characterized the disclosure as "potentially impeaching" information but argued that any probative value was outweighed by the prejudicial impact they would have on the case. ECF No. 288-1. Specifically, the United States argued that, given the age of the disciplinary action and given that none of the conduct in the disclosure related to this case, injecting the disclosed information into the case would lead to confusion or unfair prejudice which would "greatly outweigh any imaginable relation" to the witnesses' credibility. *Id.*

5

must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government." *Johnson*, 228 F.3d at 924; *accord Tavlin*, 2023 WL 3477610, at *3. Generally speaking, "[i]n criminal cases, the prosecution's 'discovery obligation is rooted in two separate sources:' Rule 16 and the Due Process Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution." *United States v. Ivers*, No. 22-cr-00341 (RWP/HCA), 2023 WL 2182327, at *2 (D. Minn. Feb. 23, 2023) (quoting *United States v. W.R. Grace*, 401 F. Supp. 2d 1069, 1073-74 (D. Mont. 2005)).

Under Federal Rule of Criminal Procedure 16(a)(1)(E)(i), the government is required to disclose, among other things, "books, papers, documents, data, photographs, tangible objects . . . if the item is within the government's possession, custody, or control and the item is material to the defense." The Eighth Circuit "defines 'material' information for purposes of Rule 16 as information that is 'helpful to the defense.'" *United States v. Hoeffener*, No. 4:16CR00374 JAR/PLC, 2017 WL 3676141, at *11 (E.D. Mo. Aug. 25, 2017) (quoting *United States v. Vue*, 13 F.3d 1206, 1208 (8th Cir. 1994)); *see also, e.g., United States v. Red Bird*, No. 3:20-30026-RAL, 2020 WL 6129634, at *5 (D. S.D. Oct. 19, 2020). A defendant must make a "threshold showing of materiality," *Ivers*, 2023 WL 2182327, at *2, that goes beyond "a mere conclusory allegation that the requested information is material to the preparation of the defense." *United States v. Krauth*, 769 F.2d 473, 476 (8th Cir. 1985) (quotation omitted); *accord Red Bird*, 2020 WL 6129634, at *5; *Hoeffener*, 2017 WL 3676141, at *11.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see also* Fed. R. Crim. P. 5(f). "Under *Brady* and its progeny, prosecutors have a duty to disclose to the defense all material evidence favorable to the accused, including impeachment and exculpatory evidence." *United States v. Robinson*, 809 F.3d 991, 996 (8th Cir. 2016); *accord United States v. Wright*, 866 F.3d 899, 908 (8th Cir. 2017); *see United States*

6

*v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)); *see also Tavlin*, 2023 WL 3477610, at *3. "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio v. United States*, 405 U.S. 150, 154 (1972)); *accord Dones-Vargas*, 936 F.3d at 722; *see United States v. Primm*, 63 F.4th 1186, 1192 (8th Cir. 2023); *Tavlin*, 2023 WL 3477610, at *3. "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted).

The "prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including [law enforcement]." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995); *accord Strickler v. Greene*, 527 U.S. 263, 281 (1999); *see Wright*, 866 F.3d at 908; *Robinson*, 809 F.3d at 996; *United States v. Tyndall*, 521 F.3d 877, 882 (8th Cir. 2008). This requirement extends not only to materials possessed by the prosecution but also to materials possessed by agents and agencies involved in its investigation. "This attendant duty to learn of material and favorable exculpatory or impeachment evidence necessarily anticipates that a prosecutor will have an opportunity to discover such evidence through the exercise of reasonable diligence." *Robinson*, 809 F.3d at 996.

The Eighth Circuit has repeatedly recognized that *Brady* does not require pretrial disclosure of favorable, exculpatory and impeaching information. *United States v. Spencer*, 753 F.3d 746, 748 (8th Cir. 2014) (quoting *United States v. Almendares*, 397 F.3d 653, 664 (8th Cir. 2005)). Although pretrial disclosure is not required, under *Brady*, due process is satisfied only if the information is furnished before it is too late for the defendant to effectively use it at trial. *Almendares*, 397 F.3d at 664. As such, the Eighth

7

Circuit has expressed its disapproval of "any government agent avoiding a forthright disclosure of relevant information" particularly where the information withheld is of an exculpatory nature. *Id.*

## B.  *The Government's Opposition*

In this case, the United States does not appear to dispute that the requested SLMPD information meets the "materiality" threshold for disclosure under Rule 16(a)(1)(E). Nor does the United States dispute that the requested information constitutes, at a minimum, potentially impeaching information related to certain law enforcement government witnesses. Instead, citing *United States v. Dominguez-Villa*, 954 F.2d 562, 566 (9th Cir. 1992) in support of its position, the United States argues:

> Rule 16 only requires disclosure of evidence that is within the Government's possession, custody or control. The three law enforcement witnesses that the *Giglio* disclosure addressed are all employed by the City of St. Louis. No police report, disciplinary report, or personnel file sought by the Defendant is in the control of the Federal Government. The Government made a request to the St. Louis Metropolitan Police Department for potential *Giglio* related information regarding each of the witnesses in question. The limited relevant responses that we received were relayed to the Defendant via it's *Giglio* disclosure. The Government has no additional reports or information related to any of the specific incidents that were disclosed. Those reports remain in the custody and control of the St. Louis Metropolitan Police Department.

ECF No. 316, at p.3.

However, *Dominguez-Villa*, 954 F.2d 562, does not support the assertion that, under all circumstances, the government is "not required to produce information in a state agency's control." *See United States v. Yan Zhen,* No. 2:13-cr-40-APG-VCF, 2015 WL 727923, at *4 (D. Nev., Feb. 19, 2015). That is because *Dominguez-Villa* "concerns Rule 16, not *Brady.*" *Id.* Importantly, "*Brady* and Rule 16 impose asymmetrical disclosure requirements on the government." *Id. See also United States v. Hamilton,* 107 F.3d 499, n.5 (7th Cir. 1997) (noting "Unlike Brady, however, [Rule 16(a)(1)(E)] imposes upon the federal government no duty to obtain documents that are controlled by the state government or police, even if the prosecution is aware of the items."). As noted above, "[u]nder *Brady* and its progeny,

8

prosecutors have a duty to disclose to the defense all material evidence favorable to the accused, including impeachment and exculpatory evidence . . . [t]his duty extends not only to evidence of which a prosecutor is aware, but also to . . . evidence known to the others acting on the government's behalf in the case, including the police." *Robinson,* 809 F.3d at 996.

Thus, the United States may well be correct that, so long as the underlying disciplinary reports remain in the custody of the St. Louis Metropolitan Police Department, it has no obligation under Rule 16 to produce the reports. However, that argument does not apply with the same force to the United States' disclosure obligations under *Brady*. This Court recognizes that, under *Brady* and its progeny, "the government has no affirmative obligation to discover potentially exculpatory information which it neither possess[es] nor of which it [is] aware." *United States v. Dunn*, 851 F.2d 1099, 1101 (8th Cir.1988). However, where, as in this case, the prosecutor has learned of potentially impeaching evidence, "a prosecutor's office cannot get around *Brady* by keeping itself in ignorance, or by compartmentalizing information about different aspects of a case." *Carey v. Duckworth,* 738 F.2d 875, 878 (7th Cir.1984).

C.   ***The requested documents may be subject to disclosure under Brady***

Applying the foregoing principles to the facts of this case, the record before the Court is clear that the United States, through reasonable diligence, learned that the SLMPD had potentially impeaching information about three government law enforcement witnesses who were part of the investigative team. It is not at all clear why the prosecutor obtained only a limited summary description of disciplinary action taken by the SLMPD with respect to each of the three law enforcement government witnesses or how the prosecution team has been able to determine that the summaries previously provided satisfy the government's obligations under *Brady* and *Giglio*. What is clear is that the United States itself has described the summaries it provided Caldwell as its "*Giglio* disclosures." ECF No. 316, at p. 3. It follows

9

that if the **summaries** are *Giglio* disclosures then the documents underlying those summaries are likely also *Giglio* material that may be subject to disclosure.

Caldwell has asserted, without response by the United States, that the United States can easily gain access to the underlying documents that are the subject of his motion to compel. Specifically, Caldwell notes that on February 6, 2025, the SLMPD filed a motion to quash a trial subpoena he issued to the City's Custodian of Records for documents unrelated to the instant motion to compel. ECF No. 280. In resisting the trial subpoena, the SLMPD argued that Caldwell was "trying to bypass the prosecutor and the requirements of *Brady* by subpoenaing materials from the Custodian of Records." *Id.* The SLMPD stated there was no need for the SLMPD's Custodian of Records to appear at trial because the SLMPD would "assemble a copy of the remaining records responsive to the Subpoena and […] provide them to the Assistant U.S. Attorneys in this matter." *Id.*

Based on the record before this Court, it appears that the only thing preventing the United States from having full access to documents the United States itself has characterized as potential *Giglio,* is a request by the prosecutor for such access. This Court recognizes that it may not dictate how the prosecution fulfills its constitutional duties under *Brady* and its progeny. However, "a prosecutor's office cannot get around *Brady* by keeping itself in ignorance, or by compartmentalizing information about different aspects of a case." *Duckworth,* 738 F.2d at 878. The limited information in the record before this Court suggests the United States may have, perhaps unwittingly, engaged in the sort of compartmentalization-end-run around *Brady* courts have cautioned against.

In sum, I find that the requested information is subject to disclosure under *Brady* and *Giglio* because it contains potentially impeaching information related to government law enforcement witnesses who were integral to the investigation of this case and because the requested documents appear to be easily accessible by the United States. As such, barring extenuating circumstances currently unknown to the

10

Court, the prosecutor should, at a minimum, obtain the documents requested by Caldwell to determine if the United States needs to make any additional disclosures regarding its three law enforcement witnesses. I further find that, as a practical matter, once the prosecutor obtains the requested documents, for the reasons stated above, those documents will likely be subject to disclosure under Rule 16.[3]

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Disclosure (ECF No. 315) **GRANTED, in part, and DENIED, in part.** Defendant's Motion to Compel is **GRANTED** to the extent it seeks reports or other documents currently in the possession of the St. Louis Metropolitan Police Department documenting the incidents described in United States' February 24, 2025, disclosures. Defendant's Motion to Compel is **DENIED** in all other respects.

Trial in this case will be set before the Honorable Sarah E. Pitlyk, by separate order.

Dated: September 5, 2025

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

---

[3] The admissibility of any of the information contained in either the government's initial disclosure on February 24, 2025, or the requested documents is beyond the scope of this Memorandum Opinion and Order.